NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAEUN KIM,<br><br>             Plaintiff,<br><br>v.<br><br>PRUDENTIAL FINANCIAL, MICHAEL SACCENTO, GARY STERN, YOUN TAE KIM, and JAE OH,<br><br>             Defendants, | Case No: 19-19594 (SDW) (LDW)<br><br>**OPINION**<br><br>June 3, 2020 |

**WIGENTON,** District Judge.

Before this Court is Defendant the Prudential Insurance Company of America's ("Prudential") Motion to Dismiss Plaintiff Kaeun Kim's ("Plaintiff") First Amended Complaint ("FAC").[1]  Prudential moves to dismiss the FAC pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(6).  (D.E. 9.)[2]  Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331.  Venue is proper pursuant to 28 U.S.C. § 1391(b).  This opinion is issued without oral argument pursuant to Rule 78.  For the reasons stated below, Prudential's motion is **GRANTED**.

I.      **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff began working at Prudential in May 2013 and was terminated from employment on April 12, 2018.  (D.E. 3 at 6, 9.)[3]  Plaintiff alleges that during his employment, he was often "harassed by several employees," and began suffering "severe emotional and physical distress"

---

[1] The FAC erroneously lists Prudential as "Prudential Financial."
[2] Prudential additionally moves to dismiss pursuant to Rule 12(b)(5) for improper service on behalf of Defendants Michael Saccento ("Saccento"), Gary Stern ("Stern"), Youn Tae Kim, and Jae Oh ("Oh," collectively, "Individual Defendants," and with Prudential, "Defendants").  (D.E. 11 at 13-14.)  As discussed below, this Court finds a different basis for dismissing the FAC as to the Individual Defendants.
[3] The citations to the FAC (D.E. 3) will follow the pagination created by the electronic court filing system.

due to this harassment around May 2017. (*Id*.) Part of this harassment was allegedly conducted by Defendant Oh, who, starting in January 2018, would "trampl[e] on the floor" near Plaintiff. (*Id*.) Plaintiff complained to Defendants Saccento, Youn Tae Kim, and Stern (a managing director, manager, and compliance manager, respectively, at Prudential), but none took any action. (D.E. 3 at 2-3, 6-7.) These defendants appear to be "in the same [younger] age group as [Plaintiff's] harasser," Oh. (*Id.* at 7, 9.)

On January 16, 2019, Plaintiff filed a Charge of Discrimination ("Charge") against Prudential with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at 9.) Making similar complaints as in the FAC, Plaintiff accused Prudential of discrimination based on race and age, and retaliation resulting in his termination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq*. ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"). (*Id*. at 9-10.) In the Charge, he listed his race as Asian American and his age as 58. (*Id*. at 9.)[4] On July 25, 2019, the EEOC notified Plaintiff it would not "pursue its investigation of this Charge," and issued a Notice of Right to Sue letter. (*Id*. at 11-12.)

On October 30, 2019, Plaintiff brought the instant suit and filed the FAC on December 19, 2019, alleging Defendants violated Title VII and the ADEA by discriminating against Plaintiff based on his race, color, national origin, and age. (D.E. 1, 3.) Prudential moved to dismiss on March 19, 2020, Plaintiff opposed on April 19, 2020, and Prudential replied on April 24, 2020. (D.E. 9, 11, 13.)[5]

---

[4] The FAC lists Plaintiff's birth year as 1961, his race as Asian, color as yellow, and national origin as Korean. (D.E. 3 at 5.)

[5] Plaintiff filed a sur-reply without seeking leave from this Court pursuant to L. Civ. R. 7.1(d)(6). (D.E. 14.) This Court will not consider this filing. Additionally, Plaintiff's opposition was filed off the regular motion briefing schedule, however, given Standing Order 2020-04, dated March 24, 2020, in this district, which extended filing deadlines, this Court will consider Plaintiff's opposition (D.E. 11).

## II.     LEGAL STANDARDS

A defendant may move to dismiss a complaint for failing to state a claim under Rule 12(b)(6). An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

In considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

Additionally, when considering motions to dismiss *pro se* complaints, courts will hold such complaints "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, "even 'a pro se complaint must state a plausible

3

claim for relief.'" *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); *Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017).

### III. DISCUSSION

The FAC alleges that Defendants discriminated and retaliated against Plaintiff in violation of Title VII and the ADEA, which, as relevant here, prohibit employers from discriminating on the basis of race, color, national origin, or age. Prudential moves to dismiss the FAC on several theories. This Court will address (1) whether Plaintiff failed to exhaust administrative remedies as to his Title VII claims based on color and national origin discrimination; whether Plaintiff has plausibly stated a discrimination claim under (2) Title VII, or (3) the ADEA; and (4) whether Plaintiff has plausibly stated a retaliation claim under either Title VII or the ADEA.

#### A. **Exhaustion of Administrative Remedies**

To file a civil suit in federal court under Title VII or the ADEA, a plaintiff must first file a charge with the EEOC. *See Hicks v. ABT Assocs., Inc.*, 572 F.2d 960, 963 (3d Cir. 1978). "The purpose of this administrative exhaustion requirement is to put the EEOC on notice of the plaintiff's claims and afford it the opportunity to settle disputes . . . avoiding unnecessary action in court." *Webb v. City of Philadelphia*, 562 F.3d 256, 262 (3d Cir. 2009) (internal quotation marks omitted). If the EEOC finds there is "no reasonable cause to believe that the charge is true," it will issue a notice of right to bring a civil action. *Hicks*, 572 F.2d at 963. "Only after such a letter is received is a civil action permitted." *Id*. The scope of the resulting civil action "is defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* at 966 (internal quotation marks omitted). Thus, a civil action is

4

"not strictly limited by the EEOC charge and notice." *Martin v. Anheuser-Busch*, Civ. No. 05-2241, 2006 WL 827850, at *4 (D.N.J. Mar. 30, 2006).

On the Charge, Plaintiff checked "race" and "age" as bases for discrimination, and alleged that he was discriminated against "based on [his] race, Asian-American and [his] age, 58," without making explicit reference to color or national origin. (D.E. 3 at 9.) The FAC now alleges discrimination based also on color and national origin, listed as "yellow" and "Korean," respectively. (*Id.* at 5.) The question here is whether these bases for discrimination are "reasonably within the scope of the charge filed by the EEOC." *Hicks*, 572 F.2d at 967.[6]

First, this Court finds that at this stage, viewing the FAC in the light most favorable to Plaintiff, his claim based on color is reasonably within the scope of the Charge and is permissible here. The EEOC investigation could reasonably have extended to investigating color-based discrimination, given Plaintiff's assertion of race-based discrimination.

However, Plaintiff's claim based on national origin is not reasonably within the scope of the Charge. The Charge makes no reference to his national origin (Korean), or that he suffered any discrimination due to his national origin. Thus, the EEOC was not reasonably on notice that he intended to make a claim based on his national origin. *See Carr v. New Jersey*, Civ. No. 09-913, 2010 WL 2539782, at *4 (D.N.J. June 17, 2010) (finding plaintiff failed to exhaust administrative remedies for his national origin claim where "the descriptive paragraph [in the Charge] discussed race and retaliation discrimination only").[7]

B. **Failure to State a Title VII Claim**

---

[6] The Court initially notes that the fact that Plaintiff did not check off the "color" or "national origin" boxes on the Charge is not dispositive. *See Tourtellotte v. Eli Lilly & Co.*, 636 F. App'x 831, 851 (3d Cir. 2016) (noting plaintiff's claim does not fail because she did not "check the box indicating she wished to file a charge of discrimination on the basis of disability," but did fail because her disability claim was not "reasonably related to the EEOC charge").
[7] Notably, in his opposition, Plaintiff does not contest that he made no claims based on his national origin. As will be discussed below, his opposition only focuses on alleged age discrimination. (*See* D.E. 11.)

Prudential next argues Plaintiff's Title VII allegations fail to state a plausible claim showing he is entitled to relief. To make a prima facie case of employment discrimination pursuant to Title VII, Plaintiff must show: "(1) the plaintiff belongs to a protected class; (2) he/she was qualified for the position; (3) he/she was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position." *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). While the complaint "need not contain specific facts establishing a *prima facie* case to survive a motion to dismiss, it must contain at least sufficient factual matter to support a reasonable inference that Defendant engaged in race [or color] discrimination against Plaintiff." *Liggon v. Simmons Pet Food*, Civ. No. 15-1472, 2015 WL 1189561, at *3 (D.N.J. Mar. 13, 2015) (internal quotation marks omitted).

The FAC gives no specific facts suggesting Defendants discriminated against Plaintiff based on his race or color. It only states that Plaintiff was "numerously harassed by several employees," including being disturbed by Oh's "trampling on the floor," but that his managers ignored his complaints. (D.E. 3 at 6-7.) In fact, the FAC explicitly states Plaintiff's belief that "the manager failed to take any action because he is in the same age group as my harasser," making no mention of his race or color. (*Id*. at 7.) Similarly, Plaintiff's opposition to the motion to dismiss focuses only on alleged age discrimination. (*See* D.E. 11 at 1 (arguing Plaintiff was "unfairly treated due to the age discrimination"); *id*. at 3 (stating Plaintiff was "firmly convinced that it's the indication of [Saccento's] discrimination on the ground of age").)[8] Plaintiff has failed to allege any facts showing a plausible claim of race or color-based discrimination. *See Holmes v. Gates*,

---

[8] Plaintiff provides facts not found in the FAC in his opposition. (*See* D.E. 11.) This Court, however, is limited to only the allegations in the FAC and attached documents. *See In re Burlington Coat Factory Sec. Litig*., 114 F.3d 1410, 1424–25 (3d Cir. 1997). Nevertheless, even considering these additional facts, Plaintiff would fail to plausibly state a Title VII claim.

6

403 F. App'x 670, 673 (3d Cir. 2010) (finding "generalized grievances" about racial discrimination lack the "requisite specificity" to plausibly alleged a claim); *Liggon*, 2015 WL 1189561 at *3 (finding plaintiff failed to state a claim of race discrimination where his allegations did not show a causal connection between his termination and race, and did not identify "any statement, action, or circumstances where he was treated differently because of his protected status").

      C. **Failure to State an ADEA Claim**

The FAC similarly fails to state a plausible age discrimination claim under the ADEA. "To establish a prima facie case of age discrimination, [a plaintiff] must demonstrate that: (1) he is at least 40 years old; (2) he suffered an adverse employment decision; (3) he is qualified for the position; and (4) [defendant employer] replace[d] him with an employee who is sufficiently younger to permit an inference of age discrimination." *Novak v. Posten Taxi Inc.*, 386 F. App'x 276, 278 (3d Cir. 2010). At the motion to dismiss stage, a plaintiff "is not required to plead every element" but must still "provide sufficient non-speculative allegations that, accepted as true, raise a reasonable inference of age-based discriminatory animus." *Sangi v. Warren Hosp.*, Civ. No. 10-4571, 2011 WL 4857933, at *2 (D.N.J. Oct. 11, 2011).

As discussed above, Plaintiff alleges that he has been harassed and states that he "believe[s] that the manager failed to take any action because he is in the same age group as [Plaintiff's] harasser," and that he was subsequently fired for the same reason. (D.E. 3 at 6-7.) The only harassment specified in the FAC is the "trampling on the floor" by Defendant Oh. (*Id*.)[9] These allegations do not give rise to a reasonable inference that "discriminatory motivation on the part of Defendant[s] existed," or "that Plaintiff was subject to such actions because of [his] age." *Sangi*, 2011 WL 4857933, at *2 (further noting allegations of a plaintiff's "'belie[f]' these actions were

---

[9] Also as noted before, Plaintiff improperly supplements his FAC with new facts in his opposition. (D.E. 11.) Even considering these new facts, this Court finds Plaintiff has failed to state a plausible claim under the ADEA.

7

taken against [him] because of [his] age is not sufficient to meet the federal pleading requirements"). Without such showing, "the complaint simply does not contain the factual allegations necessary to 'nudge []' Plaintiff's claims 'across the line from conceivable to plausible.'" *Id*. (quoting *Iqbal*, 556 U.S. at 683).

### D. **Retaliation Claims based on Title VII and the ADEA**

Plaintiff's Title VII and ADEA retaliation claims also fail. For either claim, to "establish a prima facie case of retaliation, a plaintiff must show: (1) that he engaged in protected conduct; (2) that he was subject to an adverse employment action subsequent to such activity; and (3) that a causal link exists between the protected activity and the adverse action." *Barber v. CSX Distribution Servs.*, 68 F.3d 694, 701 (3d Cir. 1995). Protected conduct includes "oppos[ition]" to "any practice made unlawful by" Title VII or the ADEA, here, discrimination based on a person's race, color, or age. *Id.* at 702 (citing 29 U.S.C. § 623(d)); *Moore v. Beers*, 121 F. Supp. 3d 425, 431 (D.N.J. 2015). As above, Plaintiff need not plead all the elements at this stage, but still must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

There is no indication that Plaintiff engaged in protected conduct by complaining to his superiors about race, color, or age discrimination, or that his superiors fired, or otherwise subjected him to adverse employment action based on such complaint. (*See* D.E. 3 at 6-7 (alleging only that Plaintiff complained of generalized harassment with no mention of race, color, or age).) Therefore, Plaintiff fails to plausibly allege a retaliation claim under Title VII or the ADEA. *See Dickerson v. New Jersey Inst. of Tech.*, Civ. No. 19-8344, 2019 WL 6032378, at \*11 (D.N.J. Nov. 14, 2019) (dismissing Title VII and ADEA retaliation claims where plaintiff failed to provide any factual

allegations supporting an inference that plaintiff's protected conduct led to adverse employment action).[10]

### IV. CONCLUSION

For the reasons set forth above, Prudential's Motion to Dismiss is **GRANTED**. An appropriate Order follows.

                                                                      s/ *Susan D. Wigenton*_____
                                                                      **SUSAN D. WIGENTON**
                                                                      **UNITED STATES DISTRICT JUDGE**

Orig:        Clerk
cc:          Leda D. Wettre, U.S.M.J.
               Parties

---

[10] Additionally, this Court finds the claims against the Individual Defendants should be dismissed. Individual defendants may not be held liable under Title VII or the ADEA. *See Parikh v. UPS*, 491 F. App'x 303, 308 (3d Cir. 2012) (noting "[n]either Title VII nor the ADEA provides for individual liability"). Therefore, this Court need not address Defendants' argument that the Individual Defendants were improperly served.